UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 3:11-cr-239-J-34JRK

GREGORY GOELLETT HODGE, JR.   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the factors identified in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Gregory Goellett Hodge, Jr., is a 46-year-old inmate incarcerated at Coleman Low FCI, serving a 160-month term of imprisonment for sex trafficking of a minor. (Doc. 136, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on January 8, 2023. Hodge seeks compassionate release because of the Covid-19 pandemic, his facility's allegedly inadequate response to the virus, and because he has hypertension and asthma. (Doc. 141, Motion; Doc. 142, Declaration).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL

2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Hodge has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. According to the Centers for Disease Control (CDC), those who have high blood pressure or moderate-to-severe asthma might be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that the CDC confirms increase the risk for severe infection.[1] Additionally, high blood pressure is not an extraordinary condition. The CDC reports that 108 million adults in the United States (about 45% of the adult population) have high blood pressure or take medication for the condition.[2] While the record supports Hodge's assertion that he has hypertension and asthma, it does not support his assertion that his asthma falls into the moderate-to-severe category. (Doc. 141-7, Medical Records). The record also shows that Hodge has been prescribed treatments for his hypertension and asthma, id. at 2, but that he has admitted to not taking his blood pressure medication, id. at 1.

Hodge asserts that Coleman Low has failed to adequately respond to Covid-19. Prisons are inherently challenging environments for containing the spread of infectious

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] https://www.cdc.gov/bloodpressure/facts.htm.

diseases. As such, it is unsurprising that a number of inmates at Coleman Low have contracted coronavirus. According to the most recent numbers, 22 inmates and 21 staff members are currently positive for the virus, 206 inmates and 11 staff members have recovered, and one inmate and one staff member have died (out of 1,889 total inmates at Coleman Low).[3] But the BOP's data also suggests that Coleman Low is no outlier. By comparison, 21 facilities have seen more inmate deaths, and 22 facilities report more positive Covid-19 tests.[4] Thus, the data suggests Coleman Low is faring no worse than many other BOP facilities. Considered alongside Hodge's conditions, the Court does not find that Hodge has shown extraordinary and compelling reasons under § 3582(c)(1)(A).[5]

Moreover, even if Hodge had shown extraordinary and compelling circumstances, the sentencing factors under 18 U.S.C. § 3553(a) would not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Hodge was convicted of sex trafficking of a minor. As detailed in the Presentence Investigation Report (PSR), Hodge recruited two underage females (A.B. and G.Q.) from a group home to work for his "massage business," and then he coerced or attempted to coerce them into performing commercial sex acts. (Doc. 127, PSR at ¶¶ 14–39). Hodge also attempted to recruit a third underage female (S.B.), but was unable to do so. Id. at ¶¶ 40–43.

---

[3]   https://www.bop.gov/coronavirus/. Last accessed November 13, 2020.

[4]   Id.

[5]   The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

According to the United States Sentencing Guidelines, Hodge's advisory sentencing range was 188 to 235 months in prison, based on a total offense level of 36 and a Criminal History Category of I. (Doc. 137, Statement of Reasons at 1). The Court varied below the guidelines range when it sentenced Hodge to a term of 160 months in prison. According to the BOP, Hodge has a little more than two years remaining on his prison sentence. In view of all the § 3553(a) factors, including the need to provide just punishment, protect the public, promote respect for the law, and afford adequate deterrence, reducing Hodge's sentence is not warranted at this time.

Accordingly, Defendant Gregory Goellett Hodge, Jr.'s Motion for Compassionate Release (Doc. 141) is **DENIED**.[6]

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of November, 2020.

MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[6] To the extent Hodge requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).